UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHELLY ANN SCHMUHL,

               Plaintiff,

       v.

Case No. 26-cv-0035-bhl

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

               Defendant.

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      On January 8, 2026, Plaintiff Shelly Ann Schmuhl filed a complaint seeking review of a decision of the Commissioner for Social Security. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

      In her motion, Schmuhl states she has no monthly income, however she receives $64 in SNAP/Foodshare benefits and her spouse receives monthly disability benefits of $1500 pretax. (ECF No. 3 at 2.) Schmuhl has a mortgage but explains that she does not possess full title to her home until the land contract is paid. (*Id.* at 2, 4.) Schmuhl also owes more that $5,000 in credit card bills and more than $2,000 in hospital bills, which are in collection. (*Id.* at 4.) Schmuhl also states that she has $15 and $480 in cash, checking or similar accounts. (*Id.* at 3.) Schmuhl lists her monthly expenses including medical and car insurance at $3495. (*Id.* at 4.) Based Schmuhl's representations, which include a signed declaration under penalty of perjury, the Court concludes that she would have substantial financial difficulty in paying the filing fee based on her current income, expenses, and liquid assets.

This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Schmuhl timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g). (ECF No. 1 at 1.) She argues that the administrative law judge decision denying her claim for social security disability benefits is not supported by substantial evidence and is contrary to law. (*Id.* at 2.) These arguments are not obviously frivolous and appear to state a potential claim. As a result, the Court will grant Schmuhl's request to waive prepayment of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Schmuhl's motion for leave to proceed without prepaying the filing fee, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on January 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge